IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAULETTE SIMMONS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EMORY HEALTHCARE, INC., <br><br> Defendant. | COMPLAINT <br><br> JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT FOR
VIOLATION OF WORKER'S ADJUSTMENT RETRAINING AND
NOTIFICATION ACT ("WARN ACT")**

1. Plaintiff Paulette Simmons ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows against Defendant Emory Healthcare, Inc. ("Emory" or "Defendant"):

**I. NATURE OF ACTION**

2. This is a class action for damages, declaratory, and injunctive relief under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 29 U.S.C. § 2101, *et seq*.

3. Defendant Emory terminated more than 500 full-time employees in its finance department or throughout the organization without providing the statutorily required 60 days' advance written notice.

1

4. Instead, Emory presented employees with severance agreements, including for employees age 40 and over, which attempted to condition receipt of severance pay upon a waiver of statutory rights, including WARN Act rights.

5. The severance offered was inadequate and noncompliant with WARN, as it failed to provide employees with the equivalent of 60 days' wages and benefits.

6. WARN Act rights cannot be waived through severance agreements that fail to meet statutory requirements.

## II.  JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute, the WARN Act.

8. Personal jurisdiction is proper because Defendant resides in this District, maintains substantial operations here, and the unlawful terminations occurred within this District

9. Venue is proper because, among other things, a substantial part of the events or omissions giving rise to the claim occurred in DeKalb County, Georgia, which lies in the Atlanta Division of the United States District Court for the Northern District of Georgia.  28 U.S.C. § 90(a)(2); 28 U.S.C. § 1391(b)(2).

### III.   PARTIES

10. Plaintiff Paulette Simmons is an individual and former full-time employee of Defendant's finance department who was involuntarily terminated without proper WARN notice. She resides in the Northern District of Georgia.

11. Defendant Emory Healthcare, Inc. is a Georgia corporation headquartered in Atlanta, Georgia, and is the largest healthcare system in the state. It employed more than 100 full-time employees at all relevant times and thus was an "employer" under the WARN Act.

### IV.   FACTUAL ALLEGATIONS

12. Defendant is an employer as defined by the Worker Adjustment and Retaining Notification (WARN) Act, 29 U.S.C. § 2101 *et seq*., and its enabling regulations of 20 C.F.R. § 639.3 (a). Defendant's termination of more than five hundred employees in this matter constitutes a plant closing within the mean of 20 C.F.R.§ 639.3(b) or a mass layoff within the meaning 20 C.F.R. § 639.3(c).

13. In or around August 15, 2025, Defendant terminated approximately 543 full-time employees from its finance department in a mass layoff.

14. Defendant did not provide the required 60 days' written notice to Plaintiff or similarly situated employees prior to termination.

15. Instead, Defendant presented employees, including Plaintiff, with severance agreements, including a form titled *"Severance Agreement 40 and*

*Over*," which required employees to broadly release statutory claims in exchange for severance pay.  Ex. A.

16. These agreements contained waiver provisions purporting to bar WARN Act claims, even though WARN rights cannot be waived absent compliance with statutory protections.

17. Because of the reorganization of Defendants' operations, a mass layoff that was foreseeable to its owners and managers, and because of the failure to pay or afford employees their wages and benefits, these employees have been terminated and suffered an employment loss within the meaning of 20 C.F.R. § 639.3 (f).

18. The severance offered was less than the WARN-required 60 days of wages and benefits. For many employees, severance was calculated based on tenure and other factors unrelated to WARN's mandated remedy.

19. Emory's conduct demonstrates a willful attempt to circumvent WARN Act requirements and deprive employees of their statutory protections.

20. Plaintiff and members of the putative Class were injured by Defendant's failure to comply with WARN, as they were denied 60 days' wages, salary, benefits, and other compensation.

## V.   CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

22. The proposed Class is defined as:

All persons who were full-time employees of Emory Healthcare, Inc. and who were terminated as part of the mass layoff of approximately 543 finance department employees without 60 days' advance written notice, from [date range], and who were offered or coerced into signing severance agreements purporting to waive WARN Act rights.

23. Numerosity: The Class consists of approximately 543 individuals, making joinder impracticable.

24. Commonality: Common questions of law and fact include whether Defendant was an "employer" under WARN, whether the layoffs constituted a "mass layoff," whether notice was required, whether severance agreements lawfully waived WARN rights, and the measure of damages.

25. Typicality: Plaintiff's claims are typical of the claims of Class members, as all were terminated without WARN-compliant notice or benefits.

26. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel competent in WARN Act litigation and class actions.

27. Class treatment under Rule 23 is superior to individual actions for the fair and efficient adjudication of this controversy.

## VI. CAUSE OF ACTION

### Violation of the WARN Act (29 U.S.C. § 2101 et seq.)

28. Plaintiff incorporates the foregoing paragraphs as if they have been fully set forth herein.

29. Defendant Emory was an "employer" under the WARN Act, employing more than 100 employees at all relevant times.

30. The termination of 543 employees constituted a "plant closure" or "mass layoff" under the WARN Act.

31. Defendant failed to provide Plaintiff and Class members with at least 60 days' advance written notice of their terminations as required by 29 U.S.C. § 2102.

32. Defendant's severance agreements did not satisfy WARN Act requirements and cannot serve to waive statutory WARN rights.

33. Defendant's actions violated the WARN Act, and Plaintiff and the Class are entitled to damages including back pay and benefits for up to 60 days, or such other remedy as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Court:

A. Certify this case as a class action under Fed. R. Civ. P. 23;

B. Declare that Defendant violated the WARN Act by failing to provide proper notice;

C. Declare that the severance agreements are unenforceable to the extent they purport to waive WARN Act rights;

D. Award Plaintiff and Class members back pay and benefits for each day of WARN violation, up to 60 days, pursuant to 29 U.S.C. § 2104(a);

E. Award prejudgment interest;

F. Award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2104(a)(6);

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,                    Date: August 15, 2025

/s/ Jason M. Gordon
_____
Georgia Bar No. 722539

>Gordon@Law4GA.com
>Law for Georgia, LLC
>6075 Barfield Road
>Sandy Springs, Georgia  30328
>Telephone: (470) 222-8406
>Facsimile: (470) 232-1098
>
>*Attorney for Plaintiff*
>*Paulette Simmons*