EXHIBIT A

EXHIBIT A



August 12, 2025

Paulette Simmons
160 South Underwood Dr
Covington, GA 30016

Re: Separation Agreement and General Release

This letter (the "Agreement") will confirm the arrangements that have been discussed with you concerning your separation from Emory Healthcare, Inc. ("EHC"). It constitutes our entire understanding regarding the terms of your separation.

Separation of Employment. Your employment is ending and your last day of employment with EHC – EHI Revenue Cyle will be August 12, 2025 (your "Separation Date"). You will receive your regular pay and benefits through your Separation Date for hours worked and payment to which you are entitled for any accrued and unused comprehensive leave accrued through your Separation Date, in accordance with normal EHC policies for payment upon employment separation. Your last paycheck for work performed through your Separation Date will be issued in the normal payroll cycle. Any accrued and unused comprehensive leave payout to which you are entitled will be paid within 30 days of your Separation Date. Your health insurance is paid through the end of August. After that, you are eligible to continue your group health insurance coverage in accordance with the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). Information about your COBRA rights will be provided to you. As of your Separation Date, your employment with EHC will be terminated. You will have no responsibilities with EHC and are no longer authorized to transact business or incur any expenses, obligations, or liabilities on behalf of EHC.

Post-Separation Payment. In exchange for your executing and not revoking this Agreement and for your abiding by its terms, EHC will also pay you severance pay in the amount set forth on the "My Offer" page in the EHC e-vantage restructure portal, less standard tax/payroll deductions ("Severance Payment"). This Severance Payment is equal to the applicable weeks of your current wages and will be paid to you in a lump sum payment, less applicable withholdings, within 60 days after this Agreement becomes effective as provided below. You acknowledge that the severance payment described above and all other consideration contained herein are given to you in exchange for your executing and not revoking this Agreement and for abiding by its terms. You further acknowledge that the severance payment constitutes value to which you are not already entitled. You acknowledge that you are solely and ultimately responsible for the payment of all taxes, whether federal or state, associated with payments and benefits you receive under this

Agreement (although EHC agrees to provide tax withholdings), and you indemnify and hold EHC and the other Releasees (as defined below) harmless for any such tax and/or penalty associated with nonpayment thereof.

Return of Property. You represent that you have returned or agree that you will return to EHC on or before the Effective Date of this Agreement any and all EHC property in your possession or control.

Confidentiality. Except as may be compelled by a subpoena, court order, or the investigation of a federal agency, you agree that you will not disclose, orally or in any written, printed, electronic or other form, to any third person the fact, terms or substance of this Agreement, except disclosure may be made in confidence to the following, provided that those persons are made aware of and agree in advance to be bound by the terms of this Confidentiality provision: (a) a legal advisor for the purposes of obtaining legal advice in connection with this Agreement; and/or (b) a financial advisor for purposes of obtaining financial advice in connection with this Agreement. In addition, you warrant and represent that you have not provided to any form of the media or press any information concerning this Agreement. Nothing in this provision is intended to restrict you from exercising your rights under the National Labor Relations Act, including filing a Charge and/or participating and cooperating in an investigation conducted by the National Labor Relations Board.

Release of Claims. Except for any claims you may have for workers' compensation benefits, unemployment compensation benefits, vested retirement benefits, or non-forfeitable health care, disability, or other similar welfare benefits (which are not released by this Agreement) and in further consideration of the severance payment, you, on behalf of yourself and your heirs, executors, administrators, successors, and assigns, hereby release and forever discharge Houston, its operating units, hospitals, healthcare facilities, institutes, centers, departments, subsidiaries, parents, affiliates, owners and owned and controlled or controlling entities (including but not limited to Houston Healthcare System, Inc., Houston Healthcare EMS, Inc., Houston Healthcare Properties, Inc., Houston Health Ventures, Inc., Houston Primary Care Physicians, LLC, Houston Physician Specialists, LLC, Emory Healthcare, Inc., Emory University, The Emory Clinic, Inc., Emory Children's Center, Inc., Emory University Hospital, Emory University Hospital Midtown, Wesley Woods Geriatric Hospital, Wesley Woods Center of Emory University, Inc., Wesley Woods Senior Living, Inc., Foundation of Wesley Woods, Inc., Emory Medical Care Foundation, EHCA, LLC, Emory Medical Associates, Inc., Emory Specialty Associates, LLC, Emory Johns Creek Hospital, Emory Orthopedics and Spine Hospital, Emory/Saint Joseph's, Inc., EHC/JOC Holdings, Inc., EHCA Johns Creek Holdings, LLC, Saint Joseph's Hospital of Atlanta, Inc., Saint Joseph's Translational Research Institute, Inc., Saint Joseph's Service Corporation, The Medical Group of Saint Joseph's, LLC, Clark Holder Clinic, Pediatric Center of Georgia, Inc., and Wesley Woods Long Term Acute Care Hospital, Emory Clinically Integrated Network, LLC; Emory Medical Laboratories, Inc.; The Clifton Casualty Insurance Company, Ltd.; Emory Adventist, Inc.; Emory University Hospital Smyrna, EHC/JOC Holdings, Inc.; Translational Testing and Training Laboratories, Inc.; Emory Innovations, Inc.; DRIVE, LLC; Dialysis Access Center of Atlanta, LLC; Emory Dialysis, LLC; Emory Patient-Centered Primary Care, LLC; Emory Physical Therapy, LLC; Emory Pediatrics, LLC; Emory Select Services, LLC; Emory Integrated Health Services, LLC; Wesley Woods Long Term Hospital, Inc.; ES Rehabilitation, LLC; ESOP Rehabilitation, LLC; Emory Decatur Hospital; Emory Hillandale Hospital; Emory Long Term

Acute Care Hospital; and Pediatric Institute LLP), and their predecessors, successors, assigns, benefit plans and programs, affiliates, agents, attorneys, insurers, trustees, officers, directors, and employees (hereinafter collectively referred to as the "Releasees") from any and all claims, liabilities, agreements, damages, losses, or expenses (including attorney's fees and costs actually incurred) of any nature whatsoever, whether known or unknown (hereinafter "Claim" or "Claims"), that you have, may have had, or may later claim to have had against any of them for personal injuries, losses or damage to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or by statute) resulting from anything that has occurred prior to your execution of this Agreement. This release includes, but is not limited to, any Claims for back pay, liquidated damages, compensatory damages, or any other losses or other damages to you or your property resulting from any claimed violation of local, state, or federal law, including, for example (but not limited to), claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., amended by The Americans With Disabilities Act Amendments Act of 2008; the Pregnant Workers Fairness Act 42 U.S.C. 2000gg et seq.; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; Fair Labor Standards Act, 29 U.S.C. § 213 et seq., the Patient Protection and Affordable Care Act 42 U.S.C. § 18001 et seq; Sarbanes-Oxley Public Company Accounting Reform and Investor Protection Act of 2002, 15 U.S.C. § 7241 et seq.; the Genetic Information Nondiscrimination Act of 2008 42 U.S.C. 2000ff; The False Claims Act of 1986, 31 U.S.C. § 3729 et seq; the Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. §§ 34-6A-1 to 34-6A-6 (prohibiting discrimination on account of disability); the Georgia Sex Discrimination in Employment Act, O.C.G.A. §§ 34-5-1 to 34-5-7; and any other Claims under federal, state, or local statutory or common law, including but not limited to claims of breach of contract, infliction of emotional distress, wrongful or retaliatory discharge, defamation, and invasion of privacy. The foregoing release of Claims expressly includes a waiver of any right to recovery for the Claims released herein in any and all private causes of action and/or charges and/or in any and all complaints filed with, or by, any governmental agency and/or other person or tribunal. This Agreement does not, however, waive rights or claims that may arise after the date you sign it below.

You understand that by executing this Agreement, you are giving up any claims you may have at that time against the Releasees for such things as employment discrimination and wrongful discharge, among others, regardless of whether you had ever asserted such claims before your execution of this Agreement and regardless of whether you knew you had such claims before your execution of this Agreement. You are not, however, giving up any claims against the Releasees that are expressly excluded from the scope of this "Release of Claims" provision, and you are not giving up any rights or claims based on events that occur after you execute this Agreement.

You further agree that (1) you will not voluntarily become a member of any class of persons suing EHC or any of the other Releasees to assert any claim that arose on or prior to the date you sign this Agreement and, to the extent you are an involuntary member of any such class, you waive any recovery to which you might otherwise be entitled; (2) you will not and will not authorize any

other person, organization, or other entity acting on your behalf, to sue EHC or any of the other Releasees or initiate any type of action, judicial, administrative, or otherwise, against the other Releasees with respect to any event, transaction, or matter that occurred before the date of this Agreement, or with respect to any continuing effects of such events, transactions, or matters; and (3) you waive any right to any portion of any recovery to which you might otherwise be entitled under any state and federal whistleblower protection statutes.

Covenant Not to Sue. You agree that, except to the extent such right may not be waived by law, you will not commence any legal action or lawsuit or otherwise assert any legal claim seeking relief for any Claim released or waived under the Release of Claims provision above. This "covenant not to sue" does not, however, prevent or prohibit you from seeking a judicial determination of the validity of your Release of Claims under the Age Discrimination in Employment Act ("ADEA"). In addition, this "covenant not to sue" does not prevent or prohibit you from filing any administrative complaint or charge against the Releasees (or any of them) with any federal, state, or local agency, but you understand that by signing this Agreement, you will have no right to recover monetary damages or obtain individual relief of any kind in such proceeding with respect to Claims released or waived by this Agreement.

Warranties and Representations. You specifically represent and warrant that as of the date that you execute this Agreement, you have no claim, liability, damage, loss or expense of any nature whatsoever against EHC or any of the other Releasees based on the protections provided by either the Fair Labor Standards Act, 29 U.S.C. § 213 et seq., or the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. or their interpretive regulations. In addition, you specifically represent and warrant that you have carried out all of your duties as an employee of EHC in a manner that is consistent with federal, state and local law. You further represent and warrant that you are not aware of and have no knowledge or information concerning any claimed or perceived improprieties or violations of federal, state, or local law at EHC or any of the other Releasees.

Consequences of Breach. You agree that you will indemnify and hold the Releasees harmless from any loss, cost, damage, or expense (including attorneys' fees) incurred by them arising out of your breach of the portions of this Agreement pertaining to your release of claims and covenant not to sue. You also understand that your entitlement to and retention of the Severance Payment is expressly conditioned upon your fulfillment of your promises, and you agree, to the extent permitted or required by law, immediately to return or repay the amounts you have received from EHC pursuant to this Agreement in excess of $100.00 upon your breach of the release of claims or covenant not to sue provisions of this Agreement. For the purposes of this paragraph, a subsequent legal challenge to the validity of your release of a claim under the ADEA will not be considered a breach of this Agreement. However, the Severance Payment paid to you under this Agreement may serve as restitution, recoupment, and/or setoff in the event you prevail on the merits of such a claim.

Non-Admission. This Agreement shall not in any way be construed as an admission by EHC that it has acted wrongfully with respect to you or any other person, or that you have any rights whatsoever against EHC. Similarly, this Agreement shall not in any way be construed as an admission by you that you have acted wrongfully in any way.

Severability. The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

Georgia Law Applies. This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed and construed under the laws of the State of Georgia. This Agreement is a fully integrated document that sets forth the entire agreement between you and EHC. No modification, amendment, extension, or waiver of this Agreement or any provision thereof will be binding upon the parties unless set forth in writing and signed by you and a duly authorized representative of EHC.

Consideration Period. Because the arrangements discussed in this Agreement affect rights and obligations, we advise you to discuss the terms of this Agreement with an attorney before you sign it. You have forty-five (45) days after the date you receive this Agreement within which to consider it, and you may take as much of that time as you wish before signing. If you decide to accept the benefits offered herein, you must sign this Agreement on or before the expiration of the 45-day period and return it promptly to EHC (Attention: **Alex Almanza via email at alex.almanza@emoryhealthcare.org**). If you do not wish to accept the terms of this Agreement, you do not have to do anything.

Revocation Rights. For a period of up to and including seven (7) days after the date you sign this Agreement, you may revoke it entirely. No rights or obligations contained in this Agreement shall become enforceable before the end of the seven-day revocation period. If you decide to revoke the Agreement, you must deliver to EHC (Attention: **Alex Almanza via email at alex.almanza@emoryhealthcare.org**) a signed notice of revocation on or before the last day of this seven-day period. Upon delivery of a notice of revocation to EHC, this Agreement shall be canceled and void, and neither you nor EHC shall have any rights or obligations arising under it.

Effective Date. This Agreement shall become effective (the "Effective Date") eight (8) days after the date the Agreement, signed by you during the 45-day consideration period, is received by EHC, unless it is earlier revoked by you pursuant to the provisions set forth in the "Revocation Rights" section of this Agreement.

Acknowledgments. If the terms of this Agreement correctly set forth our agreement, please so indicate by signing in the appropriate space below. Your signature will be an acknowledgment that no other promise or agreement of any kind has been made to you by EHC to cause you to execute this Agreement, that you had forty-five (45) days to review this Agreement and to consult with an attorney of your choosing about its terms before signing it, that the only consideration for your signature is as indicated above, that you have received a copy of the list of the job title and age of employees in positions which were selected for elimination and therefore eligible for severance benefits and the job title and age of employees in positions not selected for elimination and therefore not eligible for severance benefits, that you fully understand and accept this Agreement, that you are not coerced, threatened, or otherwise forced into signing it, and that you signed it knowingly and voluntarily because it is satisfactory to you.

I have carefully read the above Separation Agreement and General Release, understand the meaning and intent thereof, and voluntarily agree to its terms, as electronically accepted through the online portal.

Paulette Simmons


EMORY HEALTHCARE, INC.


By:

*Alejandro Almanza*

Vice President, Employment Practices, EHC
Vice President, People Services, Emory Healthcare, Inc.